NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3235

LARRY R. ROBEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Larry R. Robey, of Indianapolis, Indiana, pro se.

Michael A. Carney, General Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief was B. Chad Bungard, General Counsel.

Appealed from:   United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3235

LARRY R. ROBEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: November 6, 2007

_____

Before MAYER, LOURIE, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Larry R. Robey appeals the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal of his removal by the U.S. Postal Service ("Postal Service") as untimely and denying his attempt to reopen his withdrawn appeal. <u>Robey v. U.S. Postal Serv.</u>, 105 M.S.P.R. 539 (Apr. 17, 2007). Because Mr. Robey has not shown good cause for the delay in filing his appeal and because there is no basis to reopen the prior appeal, we <u>affirm</u>.

## BACKGROUND

Mr. Robey was a preference-eligible veteran employed by the Postal Service as a review clerk. Effective November 25, 2005, the Postal Service issued a letter of decision removing Mr. Robey from his position because he used sick leave and leave

under the Family Medical Leave Act while performing work in his helicopter business. The letter of decision explained in detail Mr. Robey's right to appeal to the Board, including the time period for appeal, as well as his right to concurrently file a grievance. Mr. Robey appealed the removal action to the Board on December 1, 2005, but then withdrew his appeal on December 22, 2005, indicating that he would instead challenge his removal through his union. The Board issued an initial decision dismissing his appeal with prejudice. The initial decision became final on January 26, 2006. Thereafter, Mr. Robey filed a grievance through his union. The grievance was ultimately submitted to arbitration, where an arbitrator issued a decision denying his grievance on June 21, 2006.

On July 26, 2006, Mr. Robey submitted another appeal of his removal to the Board. The Board issued a show cause order for why the appeal should not be dismissed under the doctrine of res judicata. In response, Mr. Robey asserted that he was seeking review of the arbitrator's decision denying his union grievance. The Board issued an initial decision, dismissing the appeal for lack of jurisdiction given the dismissal with prejudice of the earlier appeal. After Mr. Robey filed a petition for review, however, the Board vacated its initial decision. To the extent Mr. Robey's appeal was regarded as a request to reopen his prior appeal, the request was denied. To the extent the appeal was viewed as a new appeal, the Board dismissed the appeal as untimely without a showing of good cause for the delay.

## DISCUSSION

We must affirm the decision by the Board unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained

without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 1994).

Preference-eligible employees of the Postal Service may: (1) appeal an agency action directly to the Board; (2) pursue grievance/arbitration procedures; or (3) pursue both within certain limitations. Stahl v. Merit Sys. Prot. Bd., 83 F.3d 409, 411 (Fed. Cir. 1996). Although Mr. Robey initially appealed the removal action by the Postal Service to the Board, he later withdrew the appeal and instead pursued grievance/arbitration procedures through the union. Now, Mr. Robey appears to be seeking review of the determination by the arbitrator. As a Postal Service employee, however, Mr. Robey has no right of Board review of the arbitration decision. Fedon v. U.S. Postal Serv., 78 M.S.P.R. 657, 660 (1998); Marjie v. U.S. Postal Serv., 70 M.S.P.R. 95, 98 (1996). Although the Board may take the arbitration decision into consideration when deciding an appeal over which it otherwise has jurisdiction and in which the timeliness requirements have been met, Fedon, 78 M.S.P.R. at 660; Lipsky v. U.S. Postal Serv., 58 M.S.P.R. 555, 557-58 (1993), the Board may only review a Postal Service arbitration decision within the context of a timely appeal of the agency action. Jackson v. U.S. Postal Serv., 57 M.S.P.R. 57, 59 (1993).[1]

---

[1] The Federal Circuit likewise lacks jurisdiction to review an arbitrator's decision pursuant to a Postal Service agreement with the union. Burke v. U.S. Postal Serv., 888 F.2d 833, 834 (Fed. Cir. 1989). While 5 U.S.C. § 7121 authorizes the same review of arbitration decisions by the Federal Circuit as is available for decisions by the Board, § 7121 and its implementing regulations are not applicable to Postal Service employees. Id.

In this case, Mr. Robey withdrew his prior appeal, resulting in a dismissal with prejudice. When Mr. Robey filed his second appeal, the Board properly concluded that there was no basis to reopen the earlier appeal because there was no evidence of unusual circumstances. Duncan v. U.S. Postal Serv., 96 M.S.P.R. 448, 451-52 (2004). Therefore, the Board viewed his second appeal as a new appeal and considered whether there was good cause for waiving the filing deadline. McNeil v. U.S. Postal Serv., 98 M.S.P.R. 18, 22 (2004); Nabors v. U.S. Postal Serv., 31 M.S.P.R. 656, 659 (1986), aff'd, 824 F.2d 978 (Fed. Cir. 1987) (Table). As explanation for his delay in filing, Mr. Robey submitted that he had financial troubles, that his house was sold in a foreclosure sale, and that he was under care by a physician for thoracic and lumbar back pain. In determining that Mr. Robey did not establish good cause, the Board noted that the delay of almost seven months was significant, that financial difficulty does not establish good cause, and that the physician's letter failed to explain how Mr. Robey's medical condition prevented him from timely filing his appeal. We agree. Accordingly, we find that the final decision by the Board dismissing Mr. Robey's appeal was not arbitrary, capricious or an abuse of discretion.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

No costs.