**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DIANE MCAULEY,<br>　　　　　Appellant,<br><br>　　　v.<br><br>OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DOCKET NUMBER<br>NY-844E-14-0134-I-1<br><br><br>DATE: August 27, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Diane McAuley</u>, Glendale, New York, pro se.

<u>Thomas Styer</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed as untimely her appeal of the Office of Personnel Management's (OPM) reconsideration decision. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      On May 13, 2011, OPM issued an initial determination to Mr. John McAuley, a Mail Carrier for the United States Postal Service, stating he did not meet the criteria for disability retirement based on the medical documentation he submitted. Initial Appeal File (IAF), Tab 1 at 6-8. Mr. McAuley filed a request for reconsideration of the denial of his disability retirement on June 6, 2011. *Id.* at 10. On March 29, 2012, OPM sustained the initial decision of the denial and concluded that the evidence he submitted did not meet the requirements for an award of a disability annuity. *Id.* at 12-13. The reconsideration decision informed Mr. McAuley of the right to appeal the denial of benefits to the Board within 30 days after the date of the decision, or 30 days after the receipt of the decision, whichever was later. *Id.* at 13. Mr. McAuley died on December 23, 2012. IAF, Tab 6 at 18. On January 13, 2014, the appellant filed this appeal on behalf of her deceased husband, and she requested a hearing. IAF, Tab 1 at 1-3. The administrative judge found that the appellant was the proper party to be

substituted in her husband's place as the appellant. IAF, Tab 9, Initial Decision (ID) at 1; *see* 5 C.F.R. § 1201.35.

¶3 The administrative judge afforded the parties the opportunity to present evidence and argument on the material issues related to the timeliness of the appeal. IAF, Tab 3. Because the appellant failed to establish a factual dispute on the timeliness issue, the hearing she requested was not held. ID at 2. The administrative judge found that the record contained undisputed evidence indicating Mr. McAuley received OPM's March 29, 2012 final decision letter on April 4, 2012. IAF, Tab 7 at 11-14. The administrative judge found that, to be timely, this appeal needed to be filed no later than May 4, 2012, and that the appellant filed the appeal on January 13, 2014, or 619 days late. ID at 3; *see also* 5 C.F.R. § 1201.22(b)(1). The administrative judge found that the appellant failed to show that Mr. McAuley's illness prevented him from filing a timely appeal, and she noted that he had successfully applied for Social Security Administration (SSA) disability benefits and appeared at an arbitration hearing concerning his removal from his employing agency during the time period at issue.[2] ID at 5.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 3.

**ANALYSIS**

¶5 The appellant has the burden of proving the timeliness of her Board appeal by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(ii). Generally, the time limit for filing an appeal is 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the

---

[2] Mr. McAuley was removed from his agency on May 31, 2011, but an arbitration award held his removal in abeyance until June 15, 2013, so he could pursue a disability retirement. IAF, Tab 1 at 14.

agency's decision, whichever is later.  5 C.F.R. § 1201.22(b)(1).  The Board will dismiss any untimely filed appeal unless the appellant shows good cause for the delay.  5 C.F.R. § 1201.22(c).  To establish good cause for the untimely filing of an appeal, an appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  In determining whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time.  *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).

¶6        On review, the appellant does not challenge the administrative judge's finding that the appeal was 619 days late but argues instead about the decedent's illnesses and medical problems before his passing.  PFR File, Tab 1.  The appellant furnished medical documentation that shows the decedent, from 2006 until the time of his death, suffered from numerous ailments, such as respiratory failure, diabetes, high blood pressure, coronary heart disease, asthma, and a heart attack.  IAF, Tab 6.  Specifically, Mr. McAuley returned to his cardiologist in April 2012 for several appointments and medical tests in which he had a cardiac catheter procedure and learned he needed an implantable defibrillator as his heart was not functioning at full capacity.  *See, e.g.*, *id.* at 1, 23, 25, 33-34, 45-47,

50-51, 56. This procedure required an overnight stay in the hospital from May 14-15, 2012, which was 10 days after the time limit for filing his Board appeal. *Id.* at 50-51, 56. We have considered the entire record and conclude that the evidence, particularly the contemporaneous medical documentation, does not support a finding that Mr. McAuley's conditions prevented him from timely acting on his Board appeal rights. For instance, on April 25, 2012, in a follow-up with his doctor, during the timeframe when Mr. McAuley could have filed his Board appeal, he was able to furnish outside medical records and a medical list that allowed the doctor to make further recommendations regarding his health. *Id.* at 23. Moreover, as noted by the administrative judge, he was able to file a successful claim with the SSA during the period in question. ID at 5. In addition, the record reflects that, although Mr. McAuley was medically unable to participate in a meeting regarding his arbitration in January 2012, IAF, Tab 6 at 2, 9, he concedes that he was able to attend a meeting on June 12, 2012, IAF, Tab 6 at 2; PFR File, Tab 1 at 1. Mr. McAuley's pursuit of benefits in other fora during the same timeframe that an appeal to the Board could have been filed undermines the claim that his physical condition prevented him from filing a timely Board appeal or requesting an extension of time. *See Robey v. U.S. Postal Service*, 105 M.S.P.R. 539, ¶ 18, *aff'd*, 253 F. App'x 933 (Fed. Cir. 2007) (citing *Jordan v. U.S. Postal Service*, 83 M.S.P.R. 500, ¶ 15 (1999)). The appellant included no evidence or nonfrivolous allegations of fact that would substantiate why the decedent would not have been able to timely file his appeal or request an extension of time. PFR File, Tab 1; *see Lacy*, 78 M.S.P.R. at 437. Thus, the appellant did not satisfy the third prong of *Lacy*. ID at 2-4; IAF, Tab 6; *see Lacy*, 78 M.S.P.R. at 437; *see also Robey*, 105 M.S.P.R. 539, ¶ 18.

¶7    The appellant also raises a claim that her union representatives were at fault for her untimely filing of the appeal. PFR File, Tab 1 at 1-2. The failure by an appellant's representative to timely file an appeal, in and of itself, does not constitute good cause for the untimely filing of the appellant's appeal because an

appellant is responsible for the errors of her chosen representative. *Miller v. Department of Homeland Security*, [110 M.S.P.R. 258](#), ¶ 11 (2008). The Board has held that a limited exception to this rule exists when an appellant has proven that her diligent efforts to prosecute her case were thwarted by her representative's deception and negligence. *Id.*; *see also Dunbar v. Department of the Navy*, [43 M.S.P.R. 640](#), 643-45 (1990). The appellant states that she chose her representative because she could not afford a lawyer. PFR File, Tab 1 at 1. However, because she freely chose her own representation, she is responsible for the errors of their alleged untimely filing. *See Miller*, [110 M.S.P.R. 258](#), ¶ 11. The documentation included with the appellant's petition for review does not suggest deception or negligence that could establish that the union representatives effectively thwarted the prosecution of the appeal. *See id.* (citing *Dunbar*, 43 M.S.P.R. at 643-65). Rather, the documentation only seems to show that one of the representatives who allegedly was working the decedent's case fell ill, not that any deception or negligence occurred. PFR File, Tab 1 at 3-4; *see Miller*, [110 M.S.P.R. 258](#), ¶ 11. Further, the appellant has not alleged facts that, if proven, could show that she or Mr. McAuley had otherwise been making diligent efforts to timely file an appeal. *See Miller*, [110 M.S.P.R. 258](#), ¶ 11. The administrative judge correctly noted below that these circumstances do not constitute good cause for filing the appeal 619 days late. ID at 5-6; *see Moorman*, 68 M.S.P.R. at 63; *see also* [5 C.F.R. § 1201.22](#)(c).

¶8      While we are sympathetic to the appellant's situation, we discern no reason to disturb the administrative judge's determination that the appellant's appeal was untimely filed without good cause shown for the delay in filing.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.