## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DANIEL E. SHIPP,<br>            Appellant,<br><br>        v.<br><br>OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Agency. | DOCKET NUMBER<br>DA-0845-15-0287-I-1<br><br><br>DATE: June 24, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Daniel E. Shipp, Bossier City, Louisiana, pro se.

Kristopher Lee Rogers, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2    On March 23, 2015, the appellant filed an appeal of the agency's reconsideration decision that affirmed the existence of an overpayment of benefits under the Federal Employees' Retirement System and denied his request for a waiver of the overpayment collection.  Initial Appeal File (IAF), Tab 1.  During the proceedings below, the parties entered into a settlement agreement resolving the appeal.  IAF, Tab 10.  On June 11, 2015, the administrative judge dismissed the appeal as settled and entered the agreement into the record for enforcement purposes.  IAF, Tab 11, Initial Decision.  The administrative judge informed the appellant that the initial decision would become final on July 16, 2015, if neither party filed a petition for review by that date.  *Id*.

¶3    On or about February 23, 2016, the appellant filed the instant petition for review.  Petition for Review (PFR) File, Tab 1.  In a March 6, 2016 acknowledgment letter, the Clerk of the Board advised the appellant that his petition for review was untimely filed and that a petition for review that appears to be untimely must be accompanied by a motion to accept the filing as timely and/or waive the time limit for good cause.  PFR File, Tab 2.  The Clerk enclosed a "Motion to Accept Filing as Timely or to Waive Time Limit," and instructed the appellant to return the motion, along with an affidavit or signed statement under penalty of perjury, by March 24, 2016.  *Id*.  The appellant failed to submit any response.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶4    A petition for review must be filed within 35 days after the date of issuance of an initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.  5 C.F.R. § 1201.11(e).  The appellant has not alleged that he received the initial decision more than 5 days after its issuance.  Thus, the appellant's petition for review was untimely filed by more than 7 months.

¶5	To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62−63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). These same standards apply in situations when an appellant has failed to file a timely petition for review. *See, e.g.*, *Navas v. Office of Personnel Management*, 100 M.S.P.R. 428, ¶ 5 (2005).

¶6	While we are mindful of the appellant's pro se status, a filing delay of more than 7 months is nonetheless significant. *See, e.g.*, *Robey v. U.S. Postal Service*, 105 M.S.P.R. 539, ¶ 16, *aff'd*, 253 F. App'x 933 (Fed. Cir. 2007). Furthermore, despite the instructions set forth in the acknowledgment letter, the appellant has not submitted any motion attempting to establish good cause for the delay. Silence does not constitute a showing of good cause. *Navas*, 100 M.S.P.R. 428, ¶ 6. Because the appellant was informed of the time limit for filing a petition for review and failed to show any circumstances that reasonably prevented him from timely filing his petition, we find that he has failed to demonstrate diligence or ordinary prudence that would excuse his late filing. *See id*.

¶7	Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the settlement and dismissal of the appellant's initial appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                    _____
                                                 William D. Spencer
                                                 Clerk of the Board

Washington, D.C.