## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOE E. NESMITH,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-16-0048-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: August 19, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Joe E. Nesmith, Corpus Christi, Texas, pro se.

Kenneth M. Muir, Esquire, Corpus Christi, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to provide notice of mixed-case appeal rights, we AFFIRM the initial decision.

¶2        On June 20, 2014, the agency removed the appellant from the position of Aircraft Mechanic, WG-8852-10, based on alleged misconduct. Initial Appeal File (IAF), Tab 9 at 45-48. On August 18, 2014, the appellant filed a formal equal employment opportunity (EEO) complaint concerning the removal action. *Id*. at 36-42. In December 2014, the agency's EEO office issued a letter informing the appellant that its investigation into his complaint was completed. *Id*. at 43. The letter explained that, because his case was a mixed case, i.e., a discrimination claim stemming from an action appealable to the Board, he was not entitled to a hearing before an Equal Employment Opportunity Commission (EEOC) administrative judge, and his case instead would be forwarded to the agency's Director for EEO Compliance and Complaints Review for issuance of a final agency decision (FAD). *Id*. The letter further explained:

> Since it has been over 120 days from the date you filed your complaint you may appeal the matter directly with the MSPB or at any time thereafter as specified at 5 C.F.R. § 1201.154(b)(2), or you may file a civil action as specified at § 1614.310(g), but not both.

*Id*. The letter was erroneously dated "December 2019." *Id*.

¶3        On January 29, 2015, the agency issued a FAD finding that the appellant was not a victim of discrimination. *Id*. at 10-23. The FAD included notice of the appellant's right to file an appeal with the Board within 30 calendar days of the

receipt of the decision. *Id*. at 21. The FAD was delivered to the appellant by certified mail. *Id*. at 34.

¶4    The appellant filed the instant appeal on October 23, 2015. IAF, Tab 1. Because it appeared the appeal was untimely filed, the administrative judge issued an order directing the appellant to submit evidence and argument as to why his appeal should not be dismissed as untimely filed. IAF, Tab 5. The appellant filed a response, to which he attached a copy of the December 2014 letter. IAF, Tab 7. He explained that he was led to believe that he could file a Board appeal at any time after receiving the letter. IAF, Tab 10. He further argued, in the alternative, that he believed "December 2019" indicated the filing deadline. *Id*. On January 29, 2016, the administrative judge issued an initial decision dismissing the appeal as untimely filed without a showing of good cause for the delay in filing. IAF, Tab 11, Initial Decision.

¶5    On petition for review, the appellant again argues that, based on the December 2014 letter and the Board's regulation at 5 C.F.R. § 1201.154(b)(2), he believed he could file a Board appeal at any time after receiving the letter, or at any rate by December 2019. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶6    Under the Board's regulations at 5 C.F.R. § 1201.154(a), when the appellant has been subjected to an action appealable to the Board and raises issues of prohibited discrimination, he may either file a timely formal complaint of discrimination with the agency or file an appeal with the Board no later than 30 days after the effective date of the action being appealed, or 30 days after the date of receipt of an agency's decision on the appealable action, whichever is later. The regulations further provide:

> If the appellant has filed a timely formal complaint of discrimination with the agency:
>
> > (1) An appeal must be filed within 30 days after the appellant receives the agency resolution or final decision on the discrimination issue; or

> (2) If the agency has not resolved the matter with 120 days, the appellant may appeal the matter directly to the Board at any time after the expiration of 120 days.  Once the agency resolves the matter or issues a final decision on the formal complaint, an appeal must be filed within 30 days after the resolution or final decision on the discrimination issue.

5 C.F.R. § 1201.154(b).

¶7     In this case, 5 C.F.R. § 1210.154(b)(2) applies, because the agency did not issue a FAD within 120 days of the appellant's formal EEO complaint.  Had the appellant filed a Board appeal after the 120-day period, but before the issuance of a FAD, his appeal would have been timely filed.  However, once the agency issued its FAD on January 29, 2015, the appellant was required under the same regulation to file his Board appeal within 30 days of his receipt of the FAD.  *Id*.  Because documents placed in the mail are presumed to be received in 5 days, *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007), and the appellant has not alleged any delay in delivery, we presume he received the FAD no later than February 3, 2015.  Hence, to meet the filing deadline, the appellant needed to file his appeal within the following 30 days, i.e., on or before March 5, 2015.  The appellant filed his appeal on October 23, 2015, more than 7 months after the deadline.

¶8     To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely

file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9 While we are mindful of the appellant's pro se status, a filing delay of more than 7 months is nonetheless significant. *See, e.g.*, *Robey v. U.S. Postal Service*, 105 M.S.P.R. 539, ¶ 16, *aff'd*, 253 F. App'x 933 (Fed. Cir. 2007). Furthermore, the appellant has not provided a satisfactory explanation for the delay. To the extent the appellant contends he was misled by the "December 2019" date printed at the top of the December 2014 letter, his explanation is not credible, as it is not customary to place a deadline at the top of a letter near the letterhead. It is possible the appellant may have misread the December 2014 letter as stating that he could file a Board appeal at any time after 120 days elapsed since the filing of his EEO complaint, regardless of whether a FAD was subsequently issued. However, any remaining confusion should have been dispelled by the FAD itself, which explicitly stated that the appellant had the right to file a Board appeal "within 30 calendar days of the receipt of this decision." IAF, Tab 9 at 21 (emphasis in original). The appellant's failure to file his appeal in accordance with that unambiguous instruction constitutes a failure to exercise due diligence or ordinary prudence. *See Williams v. Office of Personnel Management*, 71 M.S.P.R. 597, 606 (1996), *aff'd*, 119 F.3d 16 (Fed. Cir. 1997) (Table).

¶10 In sum, we agree with the administrative judge that the appellant did not demonstrate good cause for the untimely filing of his appeal. Because the appellant has raised discrimination claims in connection with his removal, which is within our appellate jurisdiction, we modify the initial decision to provide mixed-case appeal rights consistent with the decision of the U.S. Supreme Court in *Kloeckner v. Solis*, 133 S. Ct. 596, 598 (2012).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you

do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                           _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.