**Salvatore GIOVE, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 02–3045.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 7, 2002.

Before MAYER, Chief Judge, SCHALL and DYK, Circuit Judges.

PER CURIAM.

Salvatore Giove seeks review of the September 5, 2001, decision by the Merit Systems Protection Board, 89 M.S.P.R. 560, dismissing the appeal of his removal as barred by res judicata. We *affirm.*

A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

Under the doctrine of res judicata, a final judgment on the merits prevents the same parties or their privies from relitigating the same claims that were raised before. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Case Inc. v. United States,* 88 F.3d 1004, 1011 (Fed.Cir.1996). Under a collective bargaining agreement, Giove filed a grievance contesting his removal for, inter alia, the misuse of government information, as protected disclosures pursuant to the Whistleblower Protection Act. *See* 5 U.S.C. § 2302(b)(8) (1994). In January of 1999, the arbitrator denied his grievance and upheld his removal. This court affirmed the arbitrator's decision. *Giove v. Department of Transportation,* 230 F.3d 1333 (Fed.Cir.2000). Because Giove seeks relief for claims based on the same set of facts against the same party in which a final decision has already been reached, the board properly dismissed this appeal as res judicata.

Giove argues that nevertheless he is entitled to de novo consideration of his appeal before the board under the Wendell H. Ford Aviation Investment and Reform Act of the 21st Century, Pub. L. No. 106–181, 114 Stat. 61 (2000) (codified at 49 U.S.C. § 40122(g)(3)) ("Ford Act"). The Ford Act retroactively reinstated Federal Aviation Administration employees' rights, which had been divested in 1996, to appeal adverse agency personnel actions to the

board. The Ford Act covers Giove's 1998 removal from the Federal Aviation Administration. Giove asserts that the reinstatement of his right to appeal the merits of his case to the board cannot be negated by his prior decision to arbitrate. We do not agree.

By its terms the Ford Act does not negate res judicata or otherwise create an independent basis for appeal. Because Giove's case has already reached a final judgment here, it is barred from further review.