**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FRANK C. DESANTIS,

        Appellant,

        v.

DEPARTMENT OF
   TRANSPORTATION,

        Agency.

DOCKET NUMBER
NY-0752-14-0074-I-1

DATE: October 10, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Frank C. DeSantis, Newtown, Connecticut, pro se.

Alfred R. Johnson, Jr., Esquire, Jamaica, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant, a nonpreference eligible, received an excepted service appointment at the agency's Federal Aviation Administration (FAA) subject to completion of a 1-year initial probationary period.  Initial Appeal File (IAF), Tab 7 at 32.  He was terminated within 1 month for alleged violations of the agency's rules regarding outside employment and for holding a financial interest from a prohibited source.  *Id.* at 23-24.

¶3      In this appeal, the appellant alleged that his outside employment was permitted by regulation and his termination was in reprisal for whistleblowing. IAF, Tab 1 at 17.  He argued that the agency violated his rights under 5 C.F.R. §§ 315.805 and 315.806 because his termination was based on pre-appointment reasons.

¶4      The administrative judge issued an initial decision finding that the appellant did not establish Board jurisdiction over this appeal because he was a

probationary employee in the excepted service.[2]  ID at 4-5, 7.  The appellant has submitted a timely petition for review.  Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has replied.  PFR File, Tabs 5-6.

<u>The administrative judge correctly concluded that the Board lacks jurisdiction over the issue of whether the appellant's termination from the excepted service was for pre-appointment reasons</u>.

¶5       On petition for review, the appellant repeats his argument that he has the same right as a competitive service employee to challenge his termination on the basis that it was for pre-appointment reasons.[3]  *See* IAF, Tab 14 at 2-8, Tab 16 at 2-3; PFR File, Tab 2 at 3-13, Tab 3 at 3, Tab 6 at 5-7.  However, we find that the administrative judge correctly concluded that the Board lacks jurisdiction over this appeal.

¶6       The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant bears the burden of establishing Board jurisdiction by a preponderance of the evidence. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 642-43 (Fed. Cir. 1985); *Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 7 (2005), *aff'd*,

---

[2] Because she found that the appellant failed to raise a nonfrivolous allegation of jurisdiction, the administrative judge did not hold the requested hearing.  IAF, Tab 22, Initial Decision (ID) at 1.

[3] The appellant does not dispute the administrative judge's finding that the Board does not have jurisdiction over this appeal under chapter 75 of Title 5.  PFR File, Tab 2 at 3. Only an "employee," as defined under 5 U.S.C. chapter 75, can appeal to the Board from an adverse action such as a removal.  *Hartman v. Merit Systems Protection Board*, 77 F.3d 1378, 1380 (Fed. Cir. 1996); *Lamberson v. Department of Veterans Affairs*, 80 M.S.P.R. 648, ¶ 33 (1999); *see* 5 U.S.C. §§ 7511(a)(1), 7512(1).  Further, the appellant does not dispute the administrative judge's dismissal of his age discrimination claim.  PFR File, Tab 2 at 3.  The Board lacks jurisdiction over claims of discrimination in the absence of an otherwise appealable action.  *See Hardy v. U.S. Postal Service*, 72 M.S.P.R. 71, 74 (1996), *aff'd*, 114 F.3d 1207 (Fed. Cir. 1997) (Table).  We see no basis to disturb the administrative judge's findings on review.

191 F. App'x 954 (Fed. Cir. 2006); 5 C.F.R. § 1201.56(a)(2)(i). An appellant is entitled to a jurisdictional hearing only if he makes a nonfrivolous allegation of Board jurisdiction, i.e., an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 11 (2008). The administrative judge found that the appellant did not make a nonfrivolous allegation of Board jurisdiction; thus, she denied his request for a hearing. ID at 1. We agree.

¶7        Where a probationary employee is removed from a position in the competitive service for a pre-appointment reason, he has a regulatory right to appeal the termination to the Board on the ground that, in effectuating the termination, the agency failed to give him advance written notice of the proposed action with reasons for that action, a reasonable time for filing a written answer, and notice of the agency's decision at the earliest practicable date, as required by 5 C.F.R. § 315.805. *Munson v. Department of Justice*, 55 M.S.P.R. 246, 250 (1992); *see* 5 C.F.R. §§ 315.805, 315.806(c). However, nonpreference-eligible excepted service probationary employees do not have the right to appeal to the Board on this basis. *See Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009). We agree with the administrative judge's finding that these regulations do not apply to the appellant's termination because he was an excepted service, not a competitive service, employee.[4] ID at 4-5.

---

[4] The administrative judge stated in the initial decision that the "plain language" of 49 U.S.C. § 40122(g)(2) provides that Title 5 does not apply to employees of the FAA and that there is no exception listed for 5 C.F.R. §§ 315.805 or 315.806. ID at 5. The administrative judge erred in making this finding because the Ford Act reestablished certain Board appeal rights for FAA employees. *See* 49 U.S.C. § 40122(g)(2); *Goldberg v. Department of Transportation*, 97 M.S.P.R. 441, ¶ 8 (2004) (the provisions of Title 5 do not apply to the FAA personnel management system except for certain enumerated exceptions). Nevertheless, the administrative judge's finding constitutes harmless error because sections 315.805 and 315.806 do not apply to this appeal because the appellant was in the excepted service. *Panter v. Department of the Air*

¶8    The appellant argues that the Board has jurisdiction because all FAA employees are considered to be in the competitive service pursuant to the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (the Ford Act). *See* PFR File, Tab 2 at 3-13, Tab 3 at 3, Tab 6 at 5-7.  We disagree.

¶9    As a result of the Department of Transportation and Related Agencies Appropriations Act (the DOT Act), Board appeal rights for FAA employees were eliminated effective April 1, 1996.  *Hankins v. Department of Transportation*, 118 M.S.P.R. 499, ¶ 5 (2012).  In 2000, Congress passed the Ford Act, which restored to FAA employees the Board appeal rights they had as of March 31, 1996.  *Giove v. Department of Transportation*, 89 M.S.P.R. 560, ¶ 9 (2001), *aff'd*, 50 F. App'x 421 (Fed. Cir. 2002); *Miller v. Department of Transportation*, 86 M.S.P.R. 293, ¶¶ 9, 11-13 (2000).  Effective February 14, 2012, the Ford Act provision codified at 49 U.S.C. § 40122(g)(3) was amended. *See Hankins*, 118 M.S.P.R. 499, ¶ 7.  However, nothing in the Ford Act or its amendment provides that all FAA employees are within the competitive service. *See id.*; *see also* 49 U.S.C. § 40122(g)(2)-(3).

The administrative judge properly found that the appellant had not exhausted his Office of Special Counsel (OSC) remedy as to his individual right of action (IRA) appeal.

¶10   The appellant argues that he does not have to exhaust his remedies before the OSC for the Board to take jurisdiction over his whistleblower claim.  PFR File, Tab 2 at 13.  The administrative judge found that because the appellant did not satisfy his exhaustion burden before the OSC, the Board did not have jurisdiction over his whistleblower claim.  *See* ID at 6.  We agree.

¶11   The Board lacks jurisdiction to review the appellant's termination as an otherwise appealable action, but the appellant may request review of the agency action in an IRA appeal under the Whistleblower Protection Enhancement Act

---

*Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

(WPEA). *See Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 7 (2010); *Belhumeur v. Department of Transportation*, 104 M.S.P.R. 408, ¶ 10 (2007). The Board has jurisdiction over an IRA appeal if an appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶12     An appellant filing an IRA appeal has not exhausted his OSC remedy unless he has filed a complaint with OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he first sought corrective action. *Simnitt*, 113 M.S.P.R. 313, ¶ 8. In the instant case, the appellant filed a complaint dated December 2, 2013 with OSC, and OSC sent him an acknowledgment receipt dated December 17, 2013. IAF, Tab 15 at 8, 10. At the time that the initial decision was issued, 120 days had not passed since he had contacted OSC. *Id.* Further, the appellant provided no evidence that OSC had notified him that it had terminated its investigation. ID at 6.

¶13     The Board's practice is to adjudicate an appeal that was premature when it was filed but becomes ripe while pending with the Board. *Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶ 7 (2010). Because 120 calendar days have passed since the appellant first sought corrective action with OSC, it appears that he has exhausted his administrative remedies and the Board may now have jurisdiction to adjudicate his IRA appeal. *Id.* We therefore FORWARD the case to the regional office for docketing as an IRA appeal. However, we find no reason to disturb the administrative judge's initial decision in this appeal and therefore deny the petition for review.

The administrative judge did not commit harmful error by rejecting the appellant's filings as untimely.

¶14   The appellant argues that the administrative judge mistakenly rejected two of his submissions as untimely. PFR File, Tab 2 at 4. The administrative judge issued an order dated February 11, 2014, rejecting evidence received from the appellant, stating that it was untimely because it was received on February 6, 2014. IAF, Tab 24.

¶15   Determining when to close the record is within the sound discretion of the administrative judge. *Montreuil v. Department of Air Force*, 55 M.S.P.R. 685, 691 (1992). Provided that the date chosen to close the record complies with the requirements of fairness and notice, evidence received after the closing date should not be considered. *Id.*

¶16   The administrative judge issued an order requiring the parties to submit evidence to be received by January 30, 2014. IAF, Tab 18 at 2-3. The agency did not submit any evidence after the order was issued. The appeal file includes the following submissions from the appellant received by the administrative judge before the record closed: a response dated January 13, 2014, received January 27, 2014; and a response dated January 25, 2014, received January 27, 2014. IAF, Tab 20 at 1, Tab 21 at 1. However, the appellant argues that he also submitted a response dated January 27, 2014, which was received by the field office on January 29, 2014. PFR File, Tab 1 at 14, Tab 2 at 5. In addition, he claims that he submitted a response dated January 28, 2014, that was received by the field office on January 30, 2014. PFR File, Tab 1 at 19, Tab 2 at 5. The appellant provides evidence confirming that these submissions were received by the January 30, 2014 deadline. PFR File, Tab 1 at 32-34.

¶17   The administrative judge's rejection of these submissions constitutes harmless error because these submissions are merely arguments from the appellant, which do not prove Board jurisdiction over this appeal. *See* PFR File, Tab 1 at 15-16, 20-21; *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127

(1981) (the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.