**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 82**

Docket No. DE-1221-14-0012-W-1

**Fred Johnson,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

October 30, 2014

Fred Johnson, Aurora, Colorado, pro se.

Thomas R. Kennedy, Esquire, Denver, Colorado, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant petitions for review of an initial decision that dismissed this individual right of action (IRA) appeal for lack of jurisdiction. For the following reasons, we VACATE the initial decision and DISMISS the appeal based on the doctrine of res judicata.

## BACKGROUND

¶2      After the Office of Special Counsel (OSC) closed out the appellant's complaint alleging that the agency had removed him in 2009 in reprisal for whistleblowing, the appellant filed a September 18, 2013 IRA appeal alleging

that the agency removed him based on disclosures protected under the Whistleblower Protection Act (WPA). Initial Appeal File (IAF), Tab 1 at 3, 5, Tab 2 at 1-2.

¶3       The administrative judge issued a show cause order informing the appellant that he had previously challenged his removal and alleged reprisal for whistleblowing in a Board appeal in *Johnson v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-12-0459-I-1, which had been dismissed for lack of jurisdiction on June 4, 2013, because the appellant had made a prior election to grieve his removal, and which became final on July 9, 2013, when neither party filed a petition for review. IAF, Tab 6 at 1-2. The administrative judge noted that it appeared that the Board similarly lacks jurisdiction over this appeal due to the appellant's election to grieve his removal and afforded him an opportunity to submit evidence and argument addressing this issue. *Id*. at 3.

¶4       After the parties filed their responses to the show cause order, IAF, Tabs 7-8, and based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction, IAF, Tab 9, Initial Decision (ID) at 2-3. The administrative judge found that the appellant had filed a prior Board appeal of his removal on August 8, 2012, and that the initial decision issued in that case dismissed the appeal for lack of jurisdiction because the appellant had made an election under 5 U.S.C. § 7121 to pursue his claims through the negotiated grievance procedures, which precluded a subsequent Board appeal. ID at 1-2. The administrative judge found that the agency's decision letter effecting the removal provided adequate notice to the appellant of his election rights and that it was undisputed that the appellant had filed a timely grievance under the negotiated grievance procedures. ID at 3. Thus, the administrative judge held that the timely filing of the grievance constituted an election under 5 U.S.C. § 7121(g)(2) and that the Board lacks jurisdiction over this IRA appeal. ID at 3.

ANALYSIS

¶5    On petition for review, the appellant reiterates the arguments he made below in response to the administrative judge's show cause order. *Compare* Petition for Review (PFR) File, Tab 1, *with* IAF, Tab 7. The appellant asserts that his attorney, during the arbitration hearing that followed his grievance, did not address the fact that the appellant contacted his congressional representative to complain about the agency's abuse of authority and that the attorney did not file a petition for review of the arbitrator's decision with the Board. PFR File, Tab 1 at 5-6. The appellant therefore contends that collateral estoppel should not be applied to his whistleblowing claim because it was not actually litigated. *Id*. at 5-6, 8. The appellant also contends that 5 U.S.C. § 7121 does not apply to him because his claims of whistleblowing were not addressed during the arbitration proceedings and that he lacked the ability to make a knowing, binding, and informed election of remedies between filing a grievance and filing a complaint with OSC. PFR File, Tab 1 at 10-11. The appellant also submits documents that are already included in the record below. *See* PFR File, Tabs 2, 4; IAF, Tabs 1-2, 6, 9.

¶6    An employee who has been subjected to an action that is appealable to the Board and alleges that he has been affected by a prohibited personnel practice other than a claim of discrimination under 5 U.S.C. § 2302(b)(1) may elect to pursue a remedy through one, and only one, of the following remedial processes: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed pursuant to the provisions of the negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from OSC under 5 U.S.C. §§ 1211-1222. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 14 (2013); *see* 5 U.S.C. § 7121(g). The Board has recently held that, for adverse actions appealable to the Board under chapters 43 and 75, an employee's election of remedies under 5 U.S.C. § 7121(g) must be knowing and informed and, if it is not, it will not be binding upon the employee. *Agoranos*, 119 M.S.P.R. 498, ¶ 16.

In *Agoranos*, the Board found that Mr. Agoranos's filing of an OSC complaint did not constitute a valid, informed election under 5 U.S.C. § 7121(g) and, because Mr. Agoranos had not made a knowing and informed waiver of his chapter 43 rights, the Board remanded the chapter 43 removal appeal and the IRA appeal concerning other alleged personnel actions to the regional office for adjudication on the merits. *Agoranos*, 119 M.S.P.R. 498, ¶¶ 17-18.

¶7        On review, the appellant does not challenge the administrative judge's finding that he filed a grievance with the agency regarding his removal before filing the complaint with OSC that led to his filing of this IRA appeal. Under *Agoranos*, however, we find that the appellant's filing of a grievance of his removal did not constitute a valid, informed election of remedies. *See id.*, ¶ 17. In its decision letter, the agency informed the appellant that he could appeal the removal action to the Board or grieve under the negotiated grievance procedures but not both. *Johnson v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-12-0459-I-1 (Removal Appeal), IAF, Tab 2 at 4. The agency also informed him that he would be deemed to have exercised his option to appeal the action to the Board or grieve under the negotiated grievance procedure when he timely initiated action to appeal to the Board or timely filed a grievance in writing. *Id.* As in *Agoranos*, 119 M.S.P.R. 498, ¶ 17, the agency removed the appellant without notifying him of his right to file a request for corrective action with OSC under subchapters II and III of chapter 12 of Title 5. It also did not notify him of the effect that filing a grievance would have on his right to file a complaint before OSC and an IRA appeal before the Board. Nothing in the record reflects that the appellant made a knowing and informed waiver of his right to file a complaint seeking corrective action from OSC and the Board. *See Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 7 (2013). Thus, we

find that the election requirement of 5 U.S.C. § 7121(g) does not prevent the Board from finding that it has jurisdiction over this appeal.[*]

¶8        We recognize that the agency's decision letter appears to have complied with the Board's regulations in effect at that time regarding notice of appeal rights to the Board.  *See* 5 C.F.R. § 1201.21(a)(4) (2009).  Those regulations were amended in November 2012 to provide that an agency that issues a decision notice to an employee on a matter that is appealable to the Board must provide the employee with, among other things, notice of any right to file a grievance *or* seek correction action under subchapters II and III of 5 U.S.C. chapter 12.  *See* 5 C.F.R. § 1201.21(d) (2013).  Nevertheless, regardless of the nature of the notice provided to the appellant by the agency, the choice of remedy provision of 5 U.S.C. § 7121(g) has been in effect since the 1994 amendments to the WPA.  *See Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013).  The ultimate question is whether the appellant made a knowing and informed election.  *See Agoranos*, 119 M.S.P.R. 498, ¶ 16.  There is no indication that the appellant was aware, when he elected to grieve his removal, that he could have instead sought corrective action from OSC and the Board.

¶9        A Board appeal that is not barred by section 7121(g) may, however, be barred under the doctrine of res judicata, *Collins v. Department of*

---

[*] The Board has jurisdiction over an IRA appeal if the appellant has exhausted his or her administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  It appears that the appellant has met these requirements.  *See* IAF, Tab 1 at 5 (allegation that the agency removed the appellant after he complained to his congressional representative about certain agency actions, including an alleged assault by a supervisor), Tab 7 at 6-7 (contention that the agency removed the appellant after he disclosed to his congressional representative an alleged assault by a supervisor and an abuse of authority by the agency); *see also Lewis v. Department of Commerce*, 101 M.S.P.R. 6, ¶ 11 (2005) (a disclosure that an assault occurred is a disclosure of a violation of law, rule, or regulation).

*Transportation*, [89 M.S.P.R. 582](#), ¶ 13 (2001), which the agency raised as a defense in this case, IAF, Tab 8 at 6.  Under that doctrine, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action.  *Collins*, [89 M.S.P.R. 582](#), ¶ 13.  Thus, res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if:  (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Peartree v. U.S. Postal Service*, [66 M.S.P.R. 332](#), 337 (1995).

¶10    In *Giove v. Department of Transportation*, [89 M.S.P.R. 560](#), ¶¶ 2, 4 (2001), *aff'd*, 50 F. App'x 421 (Fed. Cir. 2002), the appellant filed a grievance regarding his removal.  The grievance proceeded to arbitration, and the arbitrator held a hearing before issuing an award denying the grievance on the merits.  *Id.*, ¶¶ 2, 4.  The U.S. Court of Appeals for the Federal Circuit affirmed the arbitrator's award.  *Id.*, ¶ 4.  Under these circumstances, the Board held that the appellant's Board appeal regarding his removal was barred by the doctrine of res judicata because it was a second action against the same agency based on the same set of facts giving rise to his right to seek relief from his removal by the agency, each party was afforded a full opportunity to present evidence and testimony before the arbitrator, and adjudicatory bodies of competent jurisdiction, specifically the arbitrator and the Federal Circuit, issued final judgments on the merits of the removal action.  *Id.*, ¶¶ 15-16.

¶11    Here, as in *Giove*, the appellant filed a grievance regarding his removal, and an arbitrator denied that grievance on the merits.  There is no indication that the appellant could not have raised a claim of reprisal for whistleblowing in the grievance process.  *See* Removal Appeal, IAF, Tab 9 at 33-39 (Master Agreement between the Department of Veterans Affairs and the American Federation of Government Employees).  In fact, the appellant has asserted that his attorney

neglected to raise such a claim before the arbitrator, not that the Master Agreement prevented him from raising such a claim. PFR File, Tab 1 at 5. Thus, the appellant's allegation that the agency removed him in reprisal for whistleblowing is barred by the doctrine of res judicata because the prior judgment of the arbitrator was rendered by a forum with competent jurisdiction, the prior judgment was a final judgment on the merits, and the same cause of action and the same parties or their privies were involved in both cases. *See Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 10 (2006) (dismissing an IRA appeal based on res judicata); *Giove*, 89 M.S.P.R. 560, ¶¶ 14-16.

¶12      Accordingly, we DISMISS this appeal based on the doctrine of res judicata.

## ORDER

¶13      This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you

may request the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.