**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JEFFREY S. ATKINS, | DOCKET NUMBER |
| Appellant, | AT-0752-13-7713-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: November 25, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael Shoemaker</u>, Georgetown, South Carolina, for the appellant.

<u>Jason White</u>, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal and restoration appeal as untimely refiled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order regarding the bases for the dismissal of each of the appellant's claims, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 In *Atkins v. Department of Justice*, MSPB Docket No. AT-0353-10-1092-I-1, the appellant filed an appeal alleging that in June 2010, the agency's Federal Bureau of Prisons failed to restore him to the position of Correctional Counselor following a compensable injury. MSPB Docket No. AT-0353-10-1092-I-1, Initial Appeal File (1092 IAF), Tab 1 at 4. The administrative judge dismissed the appeal without prejudice, pending the outcome of a district court case in which the appellant was challenging his March 2009 removal from the position. 1092 IAF, Tab 20, Initial Decision (1092 ID) at 1-2. The appellant filed a petition for review and the Board issued a final order denying his petition. MSPB Docket No. AT-0353-10-1092-I-1, Final Order at 2 (June 22, 2011).

¶3 In *Atkins v. Department of Justice*, MSPB Docket No. AT-0752-11-0513-I-1, the appellant challenged his removal and refiled his restoration claim. MSPB Docket No. AT-0752-11-0513-I-1, Initial Appeal File (0513 IAF), Tab 1 at 3, 5. The administrative judge dismissed the appeal. 0513 IAF, Tab 14, Initial

Decision at 1, 4. The appellant filed a petition for review and the Board issued a final order denying his petition. MSPB Docket No. AT-0752-11-0513-I-1, Final Order (0513 Final Order) at 2-3 (Jan. 19, 2012).

¶4     The appellant filed the instant appeal, again challenging his removal and the alleged denial of restoration. Initial Appeal File (IAF), Tab 1 at 4. The administrative judge issued an order, which advised the appellant of his burden of proving that the appeal was timely filed or that he had good cause for filing untimely. IAF, Tab 3 at 1-4. After the parties responded, the administrative judge issued an initial decision dismissing the refiled appeal as untimely without holding the requested hearing. IAF, Tabs 7, 13-14, Tab 15, Initial Decision (ID) at 1, 3-4. The appellant has submitted a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has not responded to the petition for review.

The appellant's restoration appeal was untimely refiled without good cause.

¶5     On petition for review, the appellant argues that the administrative judge erred when she found his appeal to be untimely refiled. *Id.* We disagree.[2]

¶6     The appellant was "[t]o refile [his restoration] appeal . . . no later than 30 days after decision in the federal district court by date of the order or December 1, 2012, whichever is less." 1092 ID at 2. The appellant argues that he received this decision on August 22, 2013, and that the deadline to refile the appeal was within 30 days of the issuance of this decision.[3] *See* PFR File, Tab 1 at 6-9; IAF, Tab 7 at 5. However, the district court decision was issued on September 25, 2012, when the court granted summary judgment in the agency's

---

[2] However, we modify the initial decision because the administrative judge adjudicated only the appellant's restoration claim. We adjudicate the appellant's removal claim as set forth below.

[3] The appellant also stated that the decision of the U.S. Court of Appeals for the Fourth Circuit was received on August 25, 2013. IAF, Tab 7 at 5.

favor.  IAF, Tab 13 at 40-41.  The appellant filed the instant appeal on September 22, 2013, almost 1 year later.  IAF, Tab 1.

¶7    The decision to which the appellant refers as the "triggering event" for refiling his appeal was a decision by the U.S. Court of Appeals for the Fourth Circuit, dated August 20, 2013, denying his petition for rehearing and rehearing en banc in his district court case.[4]  IAF, Tab 13 at 52.  However, the administrative judge's instructions in the original appeal did not indicate that the appellant was to refile within 30 days of the issuance of an appellate court decision but clearly stated that he had to refile within 30 days of the district court decision.  Therefore, it is inconsequential on which date the appellate decision was issued and when the appellant received it.  Further, even if the appellant were waiting for the appellate court decision, he was still required to refile no later than December 1, 2012.  1092 ID at 2.

¶8    Nor do we find good cause for the appellant's delay.  The Board has identified specific standards for determining whether good cause exists for excusing an untimely refiled appeal of a matter previously dismissed without prejudice.  *Sherman v. U.S. Postal Service*, 118 M.S.P.R. 265, ¶ 9 (2012). These include the following: the appellant's pro se status; the timeliness of the initial appeal; the appellant's demonstrated intent throughout the proceedings to refile the appeal; the length of the delay in refiling; confusion surrounding and arbitrariness of the refiling deadline; the number of prior dismissals without prejudice; the agency's failure to object to the dismissal without prejudice; and the lack of prejudice to the agency in allowing the refiled appeal.  *Id.*  In construing a refiling deadline, we look to the plain language of the administrative judge's instructions.  *Acree v. Department of the Treasury*, 74 M.S.P.R. 119, 123 (1997).

---

[4] The Fourth Circuit had already denied the appeal of the district court's decision to grant summary judgment.  IAF, Tab 13 at 43-50.

¶9   The appellant argued below that the language of "whichever is less" in the initial decision in the original appeal was ambiguous and confusing.  IAF, Tab 7 at 5.  On review, the appellant reiterates this argument.  PFR File, Tab 1 at 5-6.  The administrative judge found this argument to be without merit.  *See* ID at 4 n.2.  We agree.[5]  *Cf. Acree*, 74 M.S.P.R. at 123 (the relevant language was clear and unconditional because the appellant was given 20 days from "the date he is informed that the U.S. Attorney has declined prosecution" to refile his appeal).  The definitions of "less" offered by the appellant, which include "being a smaller number," only reinforce our conclusion that the deadline was clear.  PFR File, Tab 1 at 6.  Further, the appellant failed to seek clarification of the administrative judge's instructions on petition for review of the original appeal.[6]  MSPB Docket No. AT-0353-10-1092-I-1, Petition For Review File, Tab 1 at 2-5.  In the interim, the Board issued a final order upholding the dismissal of a second appeal in which the appellant sought to challenge, in pertinent part, his denial of restoration.  *See* 0513 Final Order.  Under the circumstances, the appellant has not shown good cause for his 1-year delay in refiling.  *See Nelson v. U.S. Postal Service*, 113 M.S.P.R. 644, ¶ 9 (2010) (finding that the appellant's 4-month delay was "hardly minimal"), *aff'd*, 414 F. App'x 292 (Fed. Cir. 2011); *see also Robey v. U.S. Postal Service*, 105 M.S.P.R. 539, ¶ 16 (2007) (finding that despite the appellant's pro se status, his filing delay of almost 7 months was significant), *aff'd*, 253 F. App'x 933 (Fed. Cir. 2007).

The removal appeal was untimely filed without good cause and barred by res judicata.

¶10   On March 30, 2009, the appellant was removed from his position.  IAF, Tab 1 at 9-10.  He filed the instant appeal on September 22, 2013.  IAF, Tab 1.

---

[5] Even if we were to give the appellant the benefit of the doubt as to the later date of December 1, 2012, his refiled appeal would still be untimely.

[6] The appellant was represented in his first appeal, but it is unclear whether his representative was an attorney.

We find that the appellant's removal claim was untimely and the appellant has not shown good cause for the delay.[7]

¶11     The appellant bears the burden to prove by preponderant evidence that his appeal was timely filed. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 4 (2014); 5 C.F.R. § 1201.56(a)(2)(ii).  A removal appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed; or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. *Marcantel*, 121 M.S.P.R. 330, ¶ 4; 5 C.F.R. § 1201.22(b)(1). The appellant filed the instant appeal over 4 years after his removal; thus he is untimely.

¶12     The Board may waive its regulatory filing time limit for good cause shown. *Marcantel*, 121 M.S.P.R. 330, ¶ 10; 5 C.F.R. § 1201.22(c).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶13     The appellant has not shown good cause to excuse his extensive 4-year delay in filing. *See Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶ 8 (2004) (finding that a 14-day delay was not minimal).  Further, he has

---

[7] The administrative judge's initial decision only addressed the appellant's refiled restoration claim and did not include any findings on the appellant's removal claim. *See* ID at 1-4.  However, this omission constitutes harmless error because the appellant's removal appeal was untimely and barred by res judicata.  An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

presented no evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune related to the filing of his Board appeal.

¶14 We also find that the appellant's removal appeal is barred by res judicata. In the district court case, the appellant alleged that his removal was motivated by discrimination and retaliation. IAF, Tab 13 at 20, 30, 36, 38. Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). The doctrine precludes the parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.*

¶15 In determining whether a prior judgment was rendered by a forum with competent jurisdiction under the doctrine of res judicata, the subsequent forum's scope of review is generally limited to ascertaining whether the issue of jurisdiction has been fully and fairly litigated and finally decided in the first forum. *Id.* at 337 n.5. In the instant case, we infer that the district court was of competent jurisdiction because it reached the merits of the appellant's claims when it granted summary judgment to the defendant. IAF, Tab 13 at 20-41.

¶16 The appellant has provided no evidence that he has pursued any further appeals of the district court decision. *See id.* at 43-50, 52. Therefore, the Court of Appeals decision was a final judgment on the merits for res judicata purposes. *See Giove v. Department of Transportation*, 89 M.S.P.R. 560, ¶ 15 (2001), *aff'd*, 50 F. App'x 421 (Fed. Cir. 2002). The parties or their privies are the same as those in the federal court case. *See* IAF, Tab 13 at 20-41; *see also* ID. For res judicata purposes, a cause of action is the set of facts which gives an appellant the right to seek relief from an agency. *Giove*, 89 M.S.P.R. 560, ¶ 14. Both of the

appellant's cases involve the facts underlying his removal. The appellant's attempt to have his appeal heard again before the Board is a second action against the same agency based on the same set of facts giving rise to his right to seek relief from his removal by the agency. *See id.*, ¶ 15. Therefore, the appeal is barred by res judicata.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.